Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

WALTER ANTHONY WEST,
*Defendant-Appellant.*

No. 03-4307

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

HARRY NOLAN MOODY,
*Defendant-Appellant.*

No. 03-4405

Appeals from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-02-4)

Submitted: April 30, 2004

Decided: June 3, 2004

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

James Wyda, Federal Public Defender, Beth M. Farber, Assistant
Federal Public Defender, Baltimore, Maryland; Kyle King, Asheville,

North Carolina, for Appellants. Robert J. Conrad, Jr., United States Attorney, D. Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Harry Nolan Moody and Walter Anthony West appeal from their convictions and sentences for conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841, 846 (2000). Finding no error, we affirm.

Moody and West first claim that a pattern of prosecutorial misconduct, evidenced in the closing remarks of counsel for the Government, violated their due process rights. We review a claim of prosecutorial misconduct to determine whether the conduct complained of so infected the trial with unfairness as to make the resulting conviction a denial of due process.[1] *United States v. Scheetz*, 293 F.3d 175, 185 (4th Cir.), *cert. denied*, 123 S. Ct. 397, 400 (2002). To prevail under this standard, West and Moody must show that "the prosecutor's remarks or conduct were improper and, second . . . that such remarks or conduct prejudicially affected [their] substantial rights" so as to deprive them of a fair trial. *Id.* We have reviewed the several claims presented in their brief and conclude that Moody and West have failed to demonstrate the requisite degree of misconduct. Accordingly, we conclude their right of due process was not infringed.

Moody next claims that the district court erred in allowing the

---

[1]To the degree that Moody and West failed to preserve these claims at trial, the standard is modified in that they must demonstrate plain error. *See United States v. Olano*, 507 U.S. 725, 732-34 (1993).

Government to solicit hearsay testimony from an investigator about a statement made by Moody's wife that inculpated Moody. Because the evidence was submitted in compliance with Moody's qualified objection, we likewise review this claim for plain error. Even if Moody could demonstrate that the admission of the statement was erroneous, he can demonstrate no infringement of a substantial right because his wife subsequently corroborated this testimony. *See United States v. Castner*, 50 F.3d 1267, 1277 (4th Cir. 1995). Accordingly, we find no plain error.

Moody also claims that the district court's consideration of statements made by his co-conspirator outside of the scope of the conspiracy amount to plain error. We have reviewed the record with regard to this claim and conclude that overwhelming and independent evidence supports Moody's conviction. Accordingly, even if the challenged statements were inappropriately admitted into evidence, Moody can demonstrate no prejudice. *See id.*

Moody claims next that the district court failed to appropriately instruct the jury with respect to evidence of prior crimes or bad acts that fall within the purview of Fed. R. Evid. 404(b). We have reviewed the instructions to the jury and conclude that the substance of Rule 404(b) was "substantially covered by the court's charge to the jury." *United States v. Patterson*, 150 F.3d 382, 388 (4th Cir. 1998). Accordingly, this claim lacks merit.

West next assigns error to the district court's enhancement of his sentence for "unlawful discharge, emission, or release into the environment of a hazardous or toxic substance." *See U.S. Sentencing Guidelines Manual* § 2D1.1(b)(5)(A) (2001). Our review of the transcript supports the application of this enhancement. The district court heard testimony regarding the release of anhydrous ammonia as well as other noxious and hazardous materials into the environment. Accordingly, we find no error.

West likewise claims that the district court erred in applying a three-level enhancement for his role as a manager or supervisor in the conspiracy. *See* USSG § 3B1.1(b). Again, our review of the record discloses nothing to question the application of this enhancement.

Finally, we have reviewed the supplemental claims contained in Moody's informal brief relating to his status as a career criminal within the context of USSG § 4B1.1.[2] Finding no error in the district court's application of the enhancement, we deny relief on this final claim.

We affirm West's and Moody's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[2]The other claims in Moody's pro se brief were duplicative of those raised in counsel's brief, so we do not discuss them separately.