**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4307**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WALTER ANTHONY WEST,

Defendant - Appellant.

---

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-6135)

---

Submitted: February 15, 2006          Decided: May 4, 2006

---

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

---

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

---

James Wyda, Federal Public Defender, Beth M. Farber, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Gretchen C. F. Shappert, United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This case is before the court on remand from the United States Supreme Court. We previously affirmed Walter Anthony West's conviction and sentence for conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 841, 846 (2000). United States v. West, No. 03-4307 (4th Cir. June 3, 2004) (unpublished). The Supreme Court vacated our decision and remanded West's case for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).

A Sixth Amendment error occurs when a district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 125 S. Ct. at 756. Because West did not raise a Sixth Amendment challenge or object to the mandatory application of the Sentencing Guidelines in the district court, our review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

The jury's verdict supports a factual finding that West was responsible for at least fifty grams of a mixture containing methamphetamine.[1] This factual finding corresponds to a base

_____

[1]Although the district court concluded that West was responsible for "pure meth—actual meth," the jury verdict form specifies "more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine." (J.A. at 795, 800). The jury's verdict thus supports a base offense level of 26 pursuant to USSG § 2D1.1(c)(7), rather than a base offense level of 32 under USSG § 2D1.1(c)(4) (for offenses involving at least 50 but no more than 150 grams of methamphetamene (actual)).

offense level of twenty-six.  See U.S. Sentencing Guidelines Manual § 2D1.1(c)(7) (providing offense level for between 50 and 200 grams of a mixture containing methamphetamine).  When combined with West's criminal history category of II, this results in a sentencing range of seventy to eighty-seven months' imprisonment. USSG Ch. 5, Pt. A, table.  The district court imposed a sentence of 240 months, which exceeds this range.  Because this amounts to error that affects West's substantial rights, we conclude it is plainly erroneous.[2]  See Hughes, 401 F.3d at 547-48.

Accordingly, we vacate the sentence imposed by the district court and grant West's motion to remand for resentencing in accordance with Booker.  Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination.  See Hughes, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence.  Id.  If that sentence falls outside the Guidelines range, the court should explain its reasons for imposing a non-

---

[2]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of West's sentencing.

Guidelines sentence as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47. We affirm West's convictions for the reasons stated in our opinion of June 3, 2004. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>VACATED AND REMANDED IN PART</u>
