**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4405**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HARRY NOLAN MOODY,

Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 05-5704)

Submitted: April 7, 2006          Decided: May 4, 2006

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kyle W. King, Weaverville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Harry Nolan Moody was convicted, by jury, of one count of conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846 (2000). We affirmed his conviction and sentence, and denied rehearing. See United States v. West, 98 Fed. Appx. 259 (4th Cir. 2004) (unpublished). Moody petitioned the Supreme Court of the United States for writ of certiorari, which the Supreme Court granted. This court's judgment was vacated, in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and remanded to this court for further proceedings.

Moody was sentenced prior to the decisions in Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004). During the sentencing proceedings, Moody did not object to the mandatory nature of the sentencing guidelines or the district court's application of sentencing enhancements based on facts not admitted by him or found by the jury beyond a reasonable doubt. Therefore, we review Moody's sentence for plain error. United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005).

Moody contends that the district court plainly erred in applying the guidelines as mandatory. Moody argues that the district court would not have designated him a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2001) ("USSG") had

the district court treated the sentencing guidelines as advisory.[*] Our review of the record discloses that the district court gave no indication that it would have either refrained from classifying Moody as a career criminal or otherwise imposed a lower sentence under an advisory guideline system. Therefore, Moody cannot show actual prejudice, and resentencing is not authorized on this ground. United States v. White, 405 F.3d 208, 223-24 (4th Cir. 2005).

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Moody does not contend the district court made impermissible factual findings regarding his criminal history in order to classify him as a career offender; thus, the only error alleged is non-constitutional error.