**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4864**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

          versus

WALTER ANTHONY WEST,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:02-cr-00004-7)

———————

Submitted:  May 30, 2007                  Decided:  July 10, 2007

———————

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

W. Andrew Jennings, LAW OFFICE OF W. ANDREW JENNINGS, Hickory, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2002, Walter Anthony West was convicted of participating with six co-defendants in a conspiracy to distribute fifty grams or more of methamphetamine. West was sentenced to 240 months imprisonment after the district court found him responsible for fifty grams or more of actual methamphetamine, which yielded a base offense level of 32 under U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (2001). With increases for discharge of hazardous substances, USSG § 2D1.1(b)(5)(A), and a managerial role, USSG § 3B1.1(b), the initial guideline range was 235-293 months. We affirmed the conviction and sentence, United States v. West, 98 F. App'x 259 (4th Cir. 2004), but after its decision in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court granted certiorari and remanded West's case. We vacated his sentence and remanded his case for resentencing consistent with Booker, noting that the district court's factual findings concerning the drug quantity resulted in Sixth Amendment error under the mandatory guideline scheme in use at West's first sentencing. United States v. West, 178 F. App'x 320 (4th Cir. 2006). On remand, the district court made the same findings, but imposed a sentence of 168 months. The lower sentence resulted from the district court's mistaken belief that it could not make factual findings by a preponderance of the evidence concerning the drug amount under an advisory guideline scheme. West appeals his sentence. We affirm.

We first find no Sixth Amendment error in the sentence imposed on remand. West was sentenced under an advisory guideline scheme. Consequently, the district court did not violate the Sixth Amendment by making factual findings concerning West's role and discharge of hazardous substances by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006).

As in the first appeal, we conclude that the district court did not clearly err in applying an enhancement for "unlawful discharge, emission, or release of a hazardous or toxic substance." We also conclude that the record supports the district court's application on remand of a four-level adjustment for having a leader or organizer role in the offense. The district court applied a three-level adjustment for a manager or supervisor role at the first sentencing, and did not explain its change of heart at the resentencing hearing. However, we may affirm a sentence enhancement for any reason appearing in the record. United States v. Garnett, 243 F.3d 824, 830 (4th Cir. 2001) (appeals court may "affirm [sentence enhancement] on the basis of 'any conduct [in the record] that independently and properly should result in an increase in the offense level' by virtue of the enhancement" (quoting United States v. Ashers, 968 F.2d 411, 414 (4th Cir. 1992)). West correctly argues that he and his co-defendants were a loosely associated group of methamphetamine users and sellers.

- 3 -

However, West not only used and distributed methamphetamine, but also manufactured it and taught two of his co-defendants to make it. He was thus, at least for a time, the organizer and leader of this group's methamphetamine trafficking.

West contends that the district court's "third alternative sentence" of 240 months violated the Sixth Amendment and this court's decision in his first appeal. This claim is meritless. The district court did not reimpose the original 240-month sentence, although the court expressed its desire to do so and had the authority to do so under the post-Booker advisory guideline scheme after making its factual findings. The judgment order imposes a sentence of 168 months, and the government has not appealed the lower sentence.

Finally, West contends that his sentence is procedurally and substantively unreasonable. Because West was sentenced within the guideline range, his sentence is presumptively reasonable. United States v. Johnson, 445 F.3d 339, 344 (4th Cir. 2006).

West argues that his sentence is procedurally unreasonable because the district court failed to address two factors raised by his attorney under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), his good record in prison and his support from his family and employer. In announcing the sentence, the district court did not specifically address the information put forward by counsel, but the court did address West's conduct in the offense

and his criminal history to explain its decision to sentence West at the high end of the advisory guideline range. While the court is required to explain the sentence, see United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), petition for cert. filed, July 21, 2006 (No. 05-4471), it is not required to discuss each § 3553(a) factor. Johnson, 445 F.3d at 345. We are satisfied that the district court sufficiently addressed West's history and characteristics.

West argues that his sentence is substantively unreasonable because he is in a statistical group with a low rate of recidivism. This is an argument with the structure of the guidelines, which this court is not in a position to remedy. See Johnson, 445 F.3d at 344 (defendant's contention that guideline provision "is unreasonable or unfair as a general matter" should be raised with Congress or Sentencing Commission).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED