[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2008
THOMAS K. KAHN
CLERK

No. 07-15625
Non-Argument Calendar
_____

D. C. Docket No. 07-80086-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACKSON MONESCAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 27, 2008)**

Before BIRCH, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Jackson Monescar appeals his 72-month sentence, imposed following his

conviction for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g).

After a thorough review of the record, we affirm.

The presentence investigation report detailed Monescar's criminal history as follows: With respect to those prior offenses for which criminal history points were assigned, the probation officer included a burglary charge and trespass at age 15 and grand theft at ages 16 and 17. At age 19, Monescar was arrested for possession of marijuana and driving with a suspended license. He was sentenced to time served. At age 21, he again was arrested for drugs and received a fine.

The probation officer listed numerous juvenile convictions for theft, battery, grand theft, grand theft auto, and burglary for which no criminal history points were assigned. The probation officer also noted numerous other charges for theft, battery, burglary, robbery and possession of a firearm, none of which were prosecuted. Monescar's criminal history category was VI, with an adjusted offense level of 18 and a guidelines range of 57 to 71 months' imprisonment. (Sentencing Guidelines Table A). The probation officer recommended a possible upward departure in the criminal history under U.S.S.G. § 4A1.3 because the category understated the seriousness of Monescar's criminal record. Monescar objected to, inter alia, an upward departure in criminal history because most of his previous arrests were as a juvenile.[1]

---

[1] Monescar's other objections and the court's rulings are not relevant to the instant appeal.

At sentencing, the court determined the guidelines range to be 46 to 57 months' imprisonment based on an adjusted offense level of 16. The government moved for an upward departure in the criminal history and the parties agreed that the court could consider the upward departure under § 4A1.3 in conjunction with a variance under 18 U.S.C. § 3553(a). The court noted that, because Monescar's criminal history category was a VI, the court could depart vertically in the adjusted offense level to reach an appropriate sentence. The government requested a sentence of 108 months' imprisonment to keep Monescar incarcerated until he reached age 30. After hearing argument from both sides, the court considered the § 3553(a) factors and its authority to depart vertically where, as here, there was a pattern of criminal conduct. The court stated that it would depart upward 3 levels to an adjusted offense level of 19, resulting in a sentencing range of 63 to 78 months' imprisonment. The court explained that the criminal history category under-represented Monescar's criminal record, and the § 3553(a) factors made this the appropriate sentencing range. The court then discussed the sentencing factors: there was overwhelming evidence of guilt at trial and Monescar had committed a serious crime, Monescar had a lengthy criminal history that was escalating and now involved gang activity, there was a great need to protect the public and promote respect for the law, and there was a need to punish the behavior.

Accordingly, the court imposed a sentence of 72 months' imprisonment. The court further stated that, even if it had applied § 4A1.3 incorrectly, it would have imposed the same sentence as a variance under § 3553(a). Monescar now appeals, asserting that it is unclear whether the court imposed an upward departure under § 4A1.3 or a variance under § 3553(a), challenging the departure under § 4A1.3 on various grounds, and asserting that there were no extraordinary circumstances to justify the sentence imposed.

We review a district court's factual findings for clear error and its application of the guidelines to those facts de novo. United States v. Kinard, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006). We review the ultimate sentence imposed for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). The Supreme Court recently clarified that courts of appeal are to review sentences for abuse of discretion. Gall v. United States, --- U.S. ----, 128 S.Ct. 586, 597 (2007). Under this review, we must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range. Id. An improperly calculated

4

guideline range is considered a procedural error.  Id.  However, where the district court states that it would impose the same sentence irrespective of any sentencing calculation errors or enhancements, we may review the reasonableness of the sentence while assuming that the court erred in its guideline calculation.  United States v. Keene, 470 F.3d 1347, 1349-50 (11th Cir. 2006).  See also United States v. Dean, 517 F.3d 1224, 1232 (11th Cir. 2008).  "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)."  Talley, 431 F.3d at 788.

Section 4A1.3 of the Sentencing Guidelines permits a district court to make an upward departure in imposing a sentence on a defendant "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."  U.S.S.G. § 4A1.3(a)(1). Vertical departures, such as the one imposed here because Monescar's criminal history category was VI, are expressly permitted under the Guidelines.  U.S.S.G. § 4A1.3(a)(4), (comment. n.2(B)).

We need not address Monescar's arguments regarding the upward departure because the district court stated that it would impose the same sentence even if it

erred in its guidelines calculations. See Dean, 517 at 1232. The only issue is whether the sentence imposed was reasonable.

Upon review, we conclude that the sentence imposed was substantively reasonable. The court stated that it had considered the § 3553(a) factors,[2] and it gave a detailed explanation as to how it weighed those factors. The court noted that Monescar had committed a serious crime and had a lengthy criminal history that had escalated to include gang activity. The court also considered the need to protect the public, promote respect for the law, and punish the behavior. And the sentence imposed was below the statutory maximum of ten years. See 18 U.S.C. § 924(a)(2). Accordingly, because Monescar has not shown his sentence is unreasonable, we **AFFIRM**.

---

[2] The § 3553(a) factors include:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [3 the need for] deterrence; [4 the need] to protect the public; [5 the need] to provide the defendant with needed educational or vocational training [or] medical care; [6] the kinds of sentences available; [7] the [Sentencing Guidelines] range; [8 pertinent policy statement[s of] the Sentencing Commission; [9] the need to avoid unwanted sentenc[ing] disparities; and [10] the need to provide restitution to ... victims.

18 U.S.C. § 3553(a).