[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10043

_____

D. C. Docket No. 05-00183-CR-001

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY RICHARD KINARD,

Defendant-Appellant.

_____

No. 06-10482

_____

D. C. Docket No. 05-00183-CR-003-WHS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENNY WARREN SCHMITZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Alabama
_____

**(December 20, 2006)**

Before ANDERSON and BARKETT, Circuit Judges, and GOLDBERG,[*] Judge.

PER CURIAM:

The appeals of Anthony Richard Kinard and Denny Warren Schmitz were consolidated for oral argument because the appellants' arrests and convictions arise out of the same incident and both raise the same two issues on appeal. Kinard appeals his conviction and 120-month sentence for conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846. Schmitz appeals his conviction and 87-month sentence for possession of pseudoephedrine with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1).

On appeal, Kinard and Schmitz argue (1) that the district court clearly erred by finding that the search that resulted in their arrest did not violate the Fourth Amendment to the United States Constitution,[1] and (2) that the district court erred in enhancing their offense levels under U.S.S.G. § 2D1.1(b)(6)(A), redesignated as

_____

[*] Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

[1] Both Kinard and Schmitz pled guilty, reserving the right to appeal the denial of their motion to suppress.

2

U.S.S.G. § 2D1.1(b)(8)(A) in 2006,[2] for unlawfully discharging a hazardous substance, to wit, anhydrous ammonia.

With reference to the motion to suppress, we have carefully reviewed the record and find no reversible error in the district court's denial of the motion after an evidentiary hearing. We find no clear error in the district court's factual findings and no error in the district court's application of the relevant law.

However, we agree with Kinard and Schmitz that the district court erred in enhancing their offense levels under U.S.S.G. § 2D1.1(b)(8)(A) for unlawfully discharging a hazardous substance. Section 2D1.1(b)(8)(A) provides a 2-level enhancement if "the offense involved (I) an unlawful discharge, emission, or release into the environment of a hazardous or toxic substance; or (ii) the unlawful transportation, treatment, storage, or disposal of a hazardous waste." Application Note 19 states in part:

> Subsection (b)(8)(A) applies if the conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct) involved any discharge, emission, release, transportation, treatment, storage, or disposal violation covered by the Resource Conservation and Recovery Act, 42 U.S.C. 6928(d); the Federal Water Pollution Control Act, 33 U.S.C. 1319(c); the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. 9603(b); or 49 U.S.C. 5124 (relating to violations of laws and regulations enforced by the Department of Transportation with respect to the transportation of hazardous material).

---

[2] Despite this change, the provision's language remains the same. Accordingly, we will refer to U.S.S.G. § 2D1.1(b)(8)(A) for the remainder of this opinion.

U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 cmt. n.19 (2006) (emphasis added).

Kinard and Schmitz argue that in order to apply this enhancement, the district court would have had to find that the release of anhydrous ammonia in this case was unlawful in that it violated one of the four federal environmental statutes listed in Application Note 19. Such application was improper here, they argue, because the government presented no evidence and the district court made no findings as to whether their offenses involved the release of anhydrous ammonia in violation of one of these statutes.

At sentencing, Officer Wayne Goolsby from the Narcotics and Vice Section of the Mobile County Sheriff's Office testified that he was certified to train personnel in cleaning up methamphetamine labs, was familiar with hazardous materials associated with methamphetamine labs, and had personally responded to approximately 400 labs in the course of his four-year career. However, he did not visit the lab in this case, only reviewing reports and photographs, and speaking with officers who were present that day. He also testified that he was unfamiliar with federal disposal requirements for anhydrous ammonia. He noted that most of the byproducts of cooking methamphetamine included materials that could be purchased at any grocery store and that the materials were not, in and of

themselves, considered hazardous. Kinard and Schmitz argued that Officer Goolsby's testimony failed to show that they had violated one of the four enumerated statutes in Application Note 19. The district court overruled their objection, and applied the enhancement.

Although the Sentencing Guidelines are no longer mandatory after United States v. Booker, 543 U.S. 220 (2005), district courts must continue to determine the appropriate guidelines sentencing range under the law as they did prior to Booker.[3] Under that law, we must interpret the text of the Guidelines in light of the corresponding Commentary and Application Notes, which "are binding on the courts unless they contradict the plain meaning of the text of the Guidelines." United States v. Wilks, 464 F.3d 1240, 1245 (11th Cir. 2006) (internal quotations and citation omitted).

Section 2D1.1(b)(8)(A)'s two-level enhancement applies to offenses involving either "(I) an unlawful discharge, emission, or release into the environment of a hazardous or toxic substance; or (ii) the unlawful transportation, treatment, storage, or disposal of a hazardous waste." U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 (b)(8)(A) (2006) (emphasis added). The term "unlawful" is defined in Application Note 19, which specifically states that the

---

[3] We review a district court's application of the guidelines to the facts de novo and all factual findings for clear error. United States v. Hromada, 49 F.3d 685, 688 (11th Cir. 1995).

enhancement applies if the discharge, emission, release, transportation, treatment, storage, or disposal occurred in violation of the Resource Conservation and Recovery Act, 42 U.S.C. § 6928(d), the Federal Water Pollution Control Act, 33 U.S.C. § 1319(c), the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9603(b), or 49 U.S.C. § 5124.

To apply the enhancement where no such statutory violation has been found would render the limitations imposed in the Application Note "essentially meaningless," because the enhancement would apply to all conduct causing anhydrous ammonia to be released into the environment. See United States v. Landmesser, 378 F.3d 308, 313 (3d Cir. 2004) (holding that the application of U.S.S.G. § 2D1.12(b)(2), which is identical in all pertinent parts to the provision at issue here, required the district court to find a violation of one of the environmental statutes listed in the corresponding Application Note).

Further, the language of the Application Note explicitly limits the situations in which the enhancement applies. The Note states that the enhancement "applies if the conduct for which the defendant is accountable . . . involved any discharge, emission, release, transportation, treatment, storage, or disposal violation covered by" the listed statutes. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 cmt. n.19 (2006) (emphasis added). Nothing in this language indicates that the list of

6

environmental statutes is not comprehensive and exclusive. See also Landmesser, 378 F.3d at 313 n.8 (finding the language of U.S. SENTENCING GUIDELINES MANUAL § 2D1.12, cmt. n.3 was comprehensive and excluded any unlisted statutes). Using the principle of expressio unius est exclusio alterius as an aid to our construction of the enhancement, United States v. Camacho-Ibarquen, 410 F.3d 1307, 1312 (11th Cir. 2005), we conclude that the application of the enhancement is limited to offenses that involve violations of the four enumerated statutes listed in Application Note 19. See also Landmesser, 378 F.3d at 313 n.8; United States v. MacDonald, 339 F.3d 1080, 1081-84 (9th Cir. 2003) (holding that the precursor to U.S.S.G. § 2D1.1(b)(8)(A) "is triggered by a disposal or discharge of a waste 'covered' by [an environmental statute listed in the application note], whether it be a listed or characteristic waste"); United States v. Stepan, 66 Fed.Appx. 524 (5th Cir. 2003) (holding that the "two level increase [set forth in the precursor to U.S.S.G. § 2D1.1(b)(8)(A)] applies to any discharge, emission, or storage violation covered by certain federal statutes").[4] The government bears the burden of

_____

[4] We note that, in contrast to the Third, Ninth, and Fifth Circuits in Landmesser, MacDonald, and Stepan, respectively, the Eighth and Fourth Circuits affirmed applications of the U.S.S.G. § 2D1.1(b)(5)(A)(ii) enhancement, which was the precursor to U.S.S.G. § 2D1.1(b)(8)(A), for the unlawful storage of anhydrous ammonia without ever analyzing whether a statutory violation was a prerequisite. United States v. Gramling, 417 F.3d 891, 896 (3d Cir. 2005); United States v. West, 98 Fed. Appx. 259, 260 (4th Cir. 2004). However, in upholding the enhancement, the courts were not asked to address and did not explicitly rule on whether the application of the enhancement required that the defendants' conduct violated one of the enumerated statutes. Nor did the courts find that the defendants in those cases actually did

establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement, and the district court must "ensure that the prosecution meets this standard [by exercising its fact-finding function] before adding months or years onto a defendant's prison sentence." United States v. Askew, 193 F.3d 1181, 1183 (11th Cir. 1999).

Accordingly, we affirm Kinard's and Schmitz's convictions, but vacate their sentences and remand for resentencing consistent with this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

---

violate one of the enumerated federal statutes. None of the statutes were ever mentioned in the courts' opinions. Accordingly, we decline to follow the holdings set forth by the Eighth and Fourth Circuits in Gramling and West.