[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10409
Non-Argument Calendar

_____

D. C. Docket No. 08-00089-CR-2-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE SILVON ANDERSON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 24, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

On October 7, 2008, appellant pled guilty to an indictment that charged him

and Clifton Devon Berry, Jr., with aiding and abetting each other in knowingly causing false representations to be made with respect to information required to be kept in the records of a federal firearms licensee, in violation of 18 U.S.C. §§ 924(a)(1)(A) and 2. On January 20, 2009, the district court sentenced appellant to a prison term of 24 months.[1] He now appeals his sentence, arguing that the court misapplied U.S.S.G. § 2K2.1(b)(6) (2008) in calculating the total offense level for the § 924(a)(1)(A) offense because the Government failed to prove that he "used or possessed any firearm . . . in connection with another felony offense" by shooting Sean Rowser in the foot during an altercation in New York. He asserts that under New York law, he would only have been criminally liable for the misdemeanor offense of third-degree assault because he fired one round into the air. He also argues that the Government failed to prove that the shooting was not justified as self-defense or defense of others.

We review a district court's application the Sentencing Guidelines de novo, and the court's findings of fact for clear error. United States v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002). "For a factual finding to be clearly erroneous, this court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." United States v. Rodriguez-Lopez,

---

[1] The sentence was at the high end of the Guidelines sentence range prescribed for a total offense level of 15 and a criminal history category of I.

363 F.3d 1134, 1137 (11th Cir. 2004) (internal quotation marks omitted). "The government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement." United States v. Kinard, 472 F.3d 1294, 1298 (11th Cir. 2006). If a defendant challenges one of the factual bases for his sentence, the government must prove the disputed fact by a preponderance of the evidence. United States v. Cataldo, 171 F.3d 1316, 1321 (11th Cir. 1999).

A party who fails to object to a fact stated in a presentence investigation report ("PSI") admits the fact for sentencing purposes. United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006). A challenge to facts contained in the PSI must be asserted with specificity and clarity; otherwise, the challenge is waived. United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006).

The base offense level for a § 924(a)(1)(A) offense must be increased by four levels "[i]f the defendant used or possessed any firearm . . . in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(2008). "If the resulting offense level is less than level 18," the offense level is increased to level 18. Id. The commentary to § 2K2.1(b)(6) defines "another felony offense" as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment by a term exceeding one year, regardless of

3

whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1, comment. (n.14(C)).

Under New York law, a person is guilty of third-degree assault, a class A misdemeanor punishable up to one year imprisonment, when he either (1) "[w]ith intent to cause physical injury to another person . . . causes such injury to such person or to a third person;" (2) "recklessly causes physical injury to another person;" or (3) "[w]ith criminal negligence . . . causes physical injury to another person by means of a deadly weapon or dangerous instrument." N.Y. Penal Law § 120.00 (emphasis added). "Criminal negligence" is defined as "fail[ure] to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists." N.Y. Penal Law § 15.05(4).

In contrast, a person commits second-degree assault, a felony in New York, when "[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." N.Y. Penal Law § 120.05(2) (emphasis added). "A person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct." N.Y. Penal Law § 15.05(1).

At sentencing, appellant did not object to the PSI's statement of fact that he

4

"pulled out a black handgun and shot Rowser in the right foot."  Because he did not object to this statement, the district court did not clearly err in finding that appellant did, in fact, shoot Rowser and thereby committed an assault in the second degree under New York law.  See N.Y. Penal Law § 120.05(2).  Furthermore, (1) his admission that he discharged a firearm near Rowser, (2) his arrest for committing a second-degree assault on Rowser, (3) his recorded admission of previously shooting nine individuals, and (4) the lack of any evidence indicating that the shooting was justified, such as in self-defense, supported the district court's finding that he committed "another felony offense."  In sum, based on the facts presented in the record, we are not left with a "definite and firm conviction" that the district court erred by finding that appellant committed second-degree assault.

AFFIRMED.

5