[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14284
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 31, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00051-CR-ORL-19-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABASI AKEEM SMITH,
a.k.a. Hakeem,
a.k.a. Keem,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 31, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Abasi Akeem Smith appeals his 108-month sentence for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). No reversible error has been shown; we affirm.

On appeal, Smith challenges the application of a four-level sentencing enhancement for using or possessing a firearm in connection with another felony offense, U.S.S.G. § 2K2.1(b)(6). He argues that his possession of the firearm was independent of his possession of the drugs that police officers discovered in a search of his car: the gun and the drugs were not discovered in the same location. We review a district court's interpretation of the Sentencing Guidelines de novo and its factual determinations for clear error. United States v. Pope, 461 F.3d 1331, 1333 (11th Cir. 2006).

For firearm possession offenses under section 922(g), a four-level increase to a defendant's base offense level applies "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6).[*] Subsection (b)(6) applies "if the firearm or ammunition facilitated,

---

[*]We afford an "expansive interpretation" to the term "in connection with." See United States v. Rhind, 289 F.3d 690, 695 (11th Cir. 2002) (analyzing the former section 2K2.1(b)(5) enhancement for possession of a firearm in connection with another felony offense).

or had the potential of facilitating, another felony offense. . . ." U.S.S.G. § 2K2.1, comment. (n.14(A)). "The government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement." United States v. Kinnard, 472 F.3d 1294, 1298 (11th Cir. 2006).

Here, the district court committed no clear error in finding that Smith's possession of the gun had the potential to facilitate a drug offense. The undisputed facts in this case show that officers observed Smith driving a car in which the officers later discovered two plastic bags of cocaine; Smith exited this car after committing several traffic violations, ran from the scene, and dropped the gun during the pursuit. Although the gun may not have been discovered in close proximity to the drugs, Smith possessed the gun when he was in the car; and the bags of cocaine were in the driver's side door. Thus, given that the gun was in close proximity to the drugs when Smith was driving the car, the gun had the potential to facilitate a drug offense. See U.S.S.G. § 2K2.1(b)(6), comment. (n.14(B)(ii)) (explaining that the enhancement applies in a drug trafficking offense in which the firearm is found in close proximity to drugs because presence of the firearm has the potential of facilitating another felony offense); see also United States v. Pham, 463 F.3d 1239, 1246 (11th Cir. 2006) (noting that guns are the "tool[s] of the drug trade," as there is a "frequent and overpowering connection

between the use of firearms and narcotics traffic") (citation omitted).  The district court correctly applied the enhancement.

AFFIRMED.