[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 2, 2010
JOHN LEY
ACTING CLERK

No. 09-10750

_____

D. C. Docket No. 08-00067-CR-WTM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES PATRICK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 2, 2010)

Before BLACK, MARCUS and HIGGINBOTHAM,* Circuit Judges.

_____

* Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit, sitting by designation.

PER CURIAM:

Appellant Charles Patrick pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5). At sentencing, the district court applied a five-level enhancement for possessing more than 600 images, thereby increasing Patrick's minimum sentence from 46 to 78 months. The district court then sentenced Patrick to 78 months, and he appealed. Because the district court properly determined that Patrick was accountable for more than 600 images, the 78-month sentence is affirmed.

## I. BACKGROUND

Immigration and Customs Enforcement (ICE) agents discovered that Charles Patrick had purchased monthly memberships to a child pornography website in both October and December 2006. As a result, on September 14, 2007, at around 2:00 PM, FBI and ICE agents went to Patrick's home and sought permission to search Patrick's personal computers. When the agents arrived, Patrick's wife informed them that Patrick was not in the house; the agents then contacted Patrick by telephone, and he denied their request to search the computers.

When he learned the agents were investigating him for the possession of child pornography, Patrick, in an apparent attempt to buy himself some time, falsely claimed he was out of town and would not return until the following

evening. The agents, seemingly crediting Patrick's ploy, told Patrick they would contact him again on the following Monday morning to arrange a meeting.

Following the telephone conversation, Patrick immediately purchased a new desktop computer to replace his existing computer, brought the new computer home, and moved the original to his garage.[1] Meanwhile, the agents obtained a search warrant and returned to the residence later that same evening. As the agents were conducting their search, Patrick falsely explained that he purchased the new computer several days earlier and that the original computer was broken and had not been used in some time. The agents nevertheless recovered the computer from the garage and determined it functioned properly and had been last used only a few hours earlier. This computer contained over 1,100 images of child pornography.

In April 2008, a federal grand jury indicted Patrick on two counts: Count 1 charged knowing possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and Count 2 charged the receipt and attempted receipt of child pornography in violation of § 2252A(a)(2). In February 2009, Patrick pled guilty to Count 1, acknowledging that he subscribed to and accessed a child pornography website, and that he knowingly possessed "more than ten" images of child

---

[1] Patrick purchased the new computer at 3:04 PM at a Best Buy in Savannah, Georgia—only about one hour after Patrick learned the federal agents were investigating him for possession of child pornography.

pornography. In exchange for the guilty plea, the Government agreed to dismiss Count 2.

At sentencing, the unrebutted computer expert testified that the 1,100 images were not manually saved by Patrick or anyone else; rather, they were automatically cached by his Internet browser.[2] The expert also explained that the images were recovered from unallocated portions of Patrick's hard drive, meaning they had been "deleted" from the browser's cache and were not readily accessible to the average computer user.[3] Although the expert was unable to discern whether these particular images had been manually deleted by Patrick or automatically deleted by the Internet browser, the expert did testify that Patrick routinely cleaned the cache—that is, he frequently disposed of temporary Internet files, including images his browser had automatically downloaded.

After a lengthy hearing, the district court determined Patrick was accountable for all 1,100 images, and it accordingly applied a five-level

---

[2] When navigating the Internet, an individual's browser automatically saves the content of the visited websites, including the images on those sites. This process, known as "caching," temporarily archives the files for the purpose of shortening page-loading time if the user revists the sites.

[3] When files are "deleted"—either manually by the computer user or automatically by the Internet browser or operating system—they are not actually removed from the computer's hard drive. Rather, the space the files occupy on the disk is tagged by the operating system as "unallocated," such that when disk space is needed in the future, the space occupied by the deleted files is available for use. It is not until the computer later saves different data in the same location as the deleted files that the deleted files are truly removed from the disk.

enhancement for the possession of over 600 images pursuant to U.S.S.G. § 2G2.2(b)(7)(D). The district court sentenced Patrick to 78 months—a term at the very bottom of the Guidelines range. Patrick now appeals, arguing that the district court erred in imposing the five-level enhancement.

## II. DISCUSSION

We review for clear error the district court's factual findings regarding whether Patrick should have received an enhanced sentence under the Sentencing Guidelines. *United States v. Campbell*, 491 F.3d 1306, 1315 (11th Cir. 2007).

Patrick contends the district court should not have sentenced him for knowing possession of more than 600 images because he did not know the images were automatically saved by his computer's Internet browser. Thus, he concludes, he should not be punished under § 2252A(a)(5)(B) for the 1,100 images located in unallocated portions of his hard drive.

Patrick's argument is ultimately unpersuasive, however, given that he has already pled guilty to violating § 2252A. In his plea, Patrick admitted to knowingly possessing more than ten images of child pornography stored on his computer's hard drive. He has not explained either to the district court or to this Court how the remaining images differ from those he admitted possessing.

The federal agents recovered all 1,100 images from unallocated portions of Patrick's hard drive, meaning that all of the images previously had been marked for deletion. Patrick's expert testified that all of the illicit images were saved automatically by the Internet browser's caching process; none were manually saved by Patrick or anyone else. Nevertheless, Patrick admitted to knowingly possessing some of those 1,100 images, apparently acknowledging he was aware the images were stored on his hard drive. In short, by accepting the Government's theory of possession as to "more than ten" images of child pornography, Patrick has no grounds on which to argue he did not likewise knowingly possess the balance of the 1,100 images.

Moreover, in applying the five-level enhancement, the district court explained it took into account the significant circumstantial evidence suggesting Patrick knowingly possessed the images. The district court noted that Patrick voluntarily subscribed to a child pornography website, made false statements to the federal agents indicating his computer was broken, purchased a new computer immediately after learning he was under investigation, and secreted his original computer to his garage in the hopes the agents would not seize it. All of this circumstantial evidence tends to show that Patrick knew his computer contained contraband, as he took significant steps to conceal the computer from the

6

investigators. As the district court explained, this evidence "further support[s]" the conclusion that Patrick knowingly possessed all 1,100 images recovered from his computer's hard drive.

In short, significant evidence suggested that Patrick knew the images were on his computer, regardless of whether he manually downloaded them; the district court was entitled to rely on this evidence in finding by a preponderance that Patrick knowingly possessed the images.[4]

## III. CONCLUSION

The district court did not clearly err in finding that Patrick knowingly possessed more than 600 images of child pornography. Accordingly, his 78-month sentence is affirmed.

**AFFIRMED.**

---

[4] At the sentencing stage, the Government need only show by a preponderance of the evidence the facts necessary to support a sentencing enhancement. *See United States v. Kinard*, 472 F.3d 1294, 1298 (11th Cir. 2006).