[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15182
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00014-CR-4-SPM-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LEE DENMARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 2, 2010)

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Robert Lee Denmark appeals his 123-month prison sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1). After review of the record and the parties' briefs, we find that the district court properly denied Denmark a U.S.S.G. § 3E1.1 reduction for acceptance of responsibility, but erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6) for possession of a firearm in connection with a burglary. Accordingly, we VACATE and REMAND for further proceedings consistent with this opinion.

## I. BACKGROUND

The undisputed statement of facts contained in the presentence investigation report ("PSI") are as follows. On 4 October 2008, Gary Oglesby reported to the Wakulla County Sheriff's Office that his storage building had been burglarized and that the items taken included several saws, an air compressor, and a rifle. Oglesby advised police that Denmark frequently worked for him and was familiar with the location of the equipment and the rifle in the storage building. Thereafter, Deputy D.K. Wood of the Leon County Sheriff's Department visited Denmark at his mother's residence. Both Denmark and his mother denied having the items but stated that another individual, later identified as Joe Wilson, had asked them if they were interested in purchasing some power tools and an air compressor. During a

2

subsequent visit, Denmark's mother directed Wood to the side of her house, where two of the missing saws were stored. She told Wood she first saw the saws and an air compressor that morning while doing chores, suspected they were stolen, and asked Norman Hughes to remove them from her property. Hughes told Wood that after he had placed the tools and air compressor on his truck, Denmark retrieved the saws and placed them at the side of the house. Upon further investigation, Wood discovered that Denmark had sold Oglesby's rifle to Ward Waff on 26 September 2008. Because Denmark had sold the rifle before Oglesby reported that items had been stolen from his storage building, Wood determined that the storage building had been burglarized twice – once to steal the rifle and again in October to steal the tools and air compressor. Following his arrest, Denmark admitted selling the stolen firearm and being in possession of the remainder of the stolen items.

The probation officer who prepared the PSI calculated an initial offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A), based on Denmark's prior conviction for a crime of violence. The probation officer then applied a two-level increase pursuant to § 2K2.1(b)(4)(A) because the offense involved a stolen gun, and a four-level increase pursuant to § 2K2.1(b)(6) after determining that Denmark possessed the rifle in connection with an act of burglary. The probation officer also noted that Denmark committed another felony offense when he sold the stolen

3

gun to a third party.  Lastly, the probation officer recommended a three-level reduction in Denmark's offense level under U.S.S.G. § 3E1.1(a) and (b) because Denmark took responsibility for the crime and timely notified the government of his intent to plead guilty.  With a total adjusted offense level of 23 and a criminal history category of V, Denmark's advisory guidelines range was 84 to 105 months.

Denmark objected to the § 2K2.1(b)(6) enhancement, arguing that he did not commit a burglary to obtain the firearm and that the subsequent sale of the gun could not be considered "another felony" for purposes of the enhancement.  The probation officer amended the PSI to remove the reference to the sale of the gun as a ground for the enhancement but concluded that a preponderance of the evidence established that Denmark took the gun during a burglary.  Because Denmark denied his participation in the burglary, the probation officer recommended that Denmark not receive an acceptance of responsibility reduction.  The probation officer adjusted his recommendation accordingly, resulting in a total offense level of 26 and a new guidelines imprisonment range of 110 to 137 months.

At the sentencing hearing, Denmark again challenged the § 2K2.1(b)(6) enhancement, arguing that because he sold the rifle a week before Oglesby's storage shed was burglarized, it was clear that the gun was not stolen during that burglary, and, furthermore, there was "considerable doubt" as to whether he had

4

committed the October burglary because his mother stated that Wilson had brought the stolen property to her house. Doc. 46 at 15-16. He contended alternatively that, even if he had taken the rifle, the taking was a theft, not a burglary, because he was authorized to be on the property and to enter the storage building. *Id.* at 20. Finally, Denmark argued that he should still receive credit for acceptance of responsibility because even if he had committed the burglary, it was not relevant conduct given that the burglary occurred a week after he came into possession of the stolen rifle. *Id.* at 16-19.

The district court found that there were two burglaries, that it was more likely than not Denmark was involved in both burglaries, and that "it [wa]s clear that [Denmark] came into possession of the firearm unlawfully." *Id.* at 26. The court thus concluded that the four-level enhancement under § 2K2.1(b)(6) was supported by a preponderance of the evidence, and overruled Denmark's objection accordingly. *Id.* The court also found that Denmark was not entitled to a three-level reduction for acceptance of responsibility because he refused to admit stealing the rifle. *Id.* After considering the 18 U.S.C. § 3553(a) factors, the court imposed a mid-range sentence of 123 months of imprisonment, to be followed by a three-year term of supervised release. *Id.* at 29-30.

## II. DISCUSSION

On appeal, Denmark argues that the district court erred in applying a four-level enhancement under § 2K2.1(b)(6) because the government presented no evidence that he committed the burglary. Specifically, the government failed to prove there was any burglary to obtain the rifle, that Denmark was not authorized to access the storage building during his work for Oglesby, or that there was any breaking of the storage structure where the rifle was kept. Denmark contends that there was only the government's assumption that, because Denmark possessed the rifle in September, he obtained it by burglarizing the storage building at some earlier time.

We review the district court's application and interpretation of the sentencing guidelines *de novo* and its findings of fact for clear error. *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002). A finding of fact is not clearly erroneous unless, after reviewing all of the evidence, we are "left with a definite and firm conviction that a mistake has been committed." *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004) (quotation marks and citation omitted). "The government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement." *United States v. Kinard*, 472 F.3d 1294, 1298 (11th Cir. 2006).

"The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing." *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004).

A. *§ 2K2.1(b)(6) Enhancement*

A defendant who is convicted under 18 U.S.C. § 922(g) is subject to a four-level increase in his base offense level if he "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). "[A]nother felony offense" is defined as any offense, other than the firearm possession or trafficking offense, punishable by imprisonment for a term of more than one year, regardless of whether the defendant was charged with or convicted for the offense. *Id.*, comment. (n.14(C)). A defendant is deemed to have possessed the firearm "in connection with" another felony offense "if the firearm or ammunition facilitated, or had the potential of facilitating," that offense. *Id.*, comment. (n.14(A)). Furthermore, the § 2K2.1(b)(6) enhancement applies when "a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm." *Id.*, comment. (n.14(B)).

Denmark does not challenge the district court's finding that stealing the rifle

7

during a burglary satisfies the requirements for an enhancement under § 2K2.1(b)(6), but argues that the government failed to prove by a preponderance of the evidence that he committed a burglary and that he took the rifle during the burglary. We agree.

Under Florida law, burglary is defined as "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless . . . the defendant is licensed or invited to enter." Fla. Stat. Ann. § 810.02(1)(b)(1). Although the burglary statute "is not intended to cover a situation where an invited guest turns criminal or violent once he peaceably gains entry[,] . . . . the absence of evidence of forced entry and the presence of evidence indicating that a defendant is known to the victims does not necessarily translate into entry by consent as a matter of law." *Francis v. State*, 808 So. 2d 110, 133 (Fla. 2001) (noting several non-consensual scenarios that would result in no evidence of forced entry, such as where the defendant enters, without an invitation, through an unlocked door). Furthermore, unexplained possession of recently stolen property is sufficient to support both a theft conviction and a burglary conviction "when a burglary necessarily occurs as an adjunct" to the theft. *Id.* at 134.

Although the evidence before the court did not establish precisely when the firearm was taken from the storage shed, it showed that Oglesby discovered that

8

the firearm was missing on 4 October 2008, that Denmark sold, and thus had possession of, the rifle on 26 September 2008, and that Denmark had been performing yard work and odd jobs for Oglesby, who told law enforcement that Denmark would have known the location of the rifle and other stolen items. Inasmuch as this evidence shows that Denmark had access to and possessed the rifle, it was sufficient to establish that Denmark stole the rifle. *See id.*

The preponderance of the evidence does not, however, show that a "burglary necessarily occur[red] as an adjunct" to the theft of the rifle. *Id.* Under Florida law, burglary requires an entering of a structure without permission. *See* Fla. Stat. Ann. § 810.02(1)(b). The evidence in this case reflects that Denmark was frequently invited onto the property to work for Oglesby. There is no evidence the storage shed was locked or forcibly entered. According to Oglesby, Denmark knew the tools and the firearm were stored in the shed, which indicates that Denmark had access to the shed when he worked on Oglesby's property. Indeed, Denmark was present with Oglesby when Oglesby discovered the items were missing from his storage shed. The lack of evidence showing that Denmark entered the storage building without permission leaves us with "a definite and firm conviction" that the district court made a mistake in finding that Denmark committed a burglary in connection with his possession of the rifle.

9

*Rodriguez-Lopez*, 363 F.3d at 1137. Application of the four-level enhancement under § 2K2.1(b)(6) was therefore improper.

B. *§ 3E1.1 Reduction for Acceptance of Responsibility*

Denmark argues that because the government failed to prove that he committed a burglary, his denial of the same does not preclude application of the acceptance-of-responsibility reduction. Furthermore, Denmark contends that he should have received the three-level reduction because he admitted possessing the firearm and timely gave notice of his intent to plead guilty.

We review only for clear error a district court's finding that a defendant is not entitled to a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. *United States v. Moriarty*, 429 F.3d 1012, 1022 (11th Cir. 2005). "We will not set aside a district court's determination that a defendant is not entitled to a § 3E1.1 adjustment unless the facts in the record clearly establish that the defendant has accepted responsibility." *Id.* at 1022-23. The defendant bears the burden of demonstrating acceptance of responsibility. *Id.* at 1023.

Section 3E1.1(a) of the sentencing guidelines provides for a two-level reduction "[i]f the defendant clearly demonstrates acceptance of responsibility." U.S.S.G. § 3E1.1(a) (Nov. 2008). Although a guilty plea constitutes significant evidence of acceptance of responsibility, it may be outweighed by conduct that is

inconsistent with acceptance of responsibility. *See Moriarty*, 429 F.3d at 1023; U.S.S.G. § 3E1.1, comment. (n.3). In determining whether a defendant qualifies for the reduction, a district court may consider whether the defendant "truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or [did] not falsely deny[] any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." U.S.S.G. § 3E1.1, comment. (n.1(a)). "[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." *Id.* Relevant conduct includes "all acts and omissions committed . . . by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(A) (Nov. 2008).

In this case, the district court denied Denmark an acceptance of responsibility reduction because Denmark did not admit he stole the rifle. Because Denmark's unexplained possession of the rifle was sufficient to prove that he stole the rifle, *see Francis*, 808 So. 2d at 134, and because Denmark's theft of the rifle, which occurred during the commission of the possession offense, was clearly relevant conduct, the district court did not err in determining that Denmark was not

entitled to a downward adjustment for acceptance of responsibility under § 3E1.1.

## III. CONCLUSION

Denmark appeals his 123-month sentence for being a felon in possession of a firearm. Because the district court erred in applying a four-level enhancement for possession of a firearm in connection with a burglary, we VACATE Denmark's sentence and REMAND his case for re-sentencing.

**VACATED AND REMANDED.**