[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11950
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00004-TWT-ECS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONNIE AUSBY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 21, 2011)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Donnie Ausby appeals his sentence following his conviction for escape by

an inmate in the custody of an institution, in violation of 18 U.S.C. §751(a).

Because the district court applied the wrong legal standard in calculating Ausby's criminal history score and guideline range, it imposed a procedurally unreasonable sentence. Accordingly, we vacate Ausby's sentence and remand for further proceedings.

On January 12, 1989, Ausby was convicted of cocaine possession and sentenced to six months' imprisonment and two years' probation. He was arrested for violating probation on his 1989 conviction on February 18, 1999.[1] A Florida circuit court revoked Ausby's probation on March 12, 1999, and sentenced him to one year imprisonment, but the court ordered "that the defendant shall be allowed a total of 210 DAYS as credit for time incarcerated before imposition of this sentence."[2]

_____

[1] Ausby violated his probation in 1991, but he was not arrested or sentenced on the violation until 1999 because he was otherwise incarcerated.

[2] The 210-day credit clearly accounts for more than just Ausby's original six-month sentence. The Government argues that, "based on the numbers" and based on the Florida circuit court's failure to refer to the earlier six-month sentence explicitly in giving the credit, we should not construe the second sentence as incorporating the first.

Ausby was imprisoned just over three weeks between his arrest for violating probation and his sentencing. Though there is a slight discrepancy between the number of days he was actually imprisoned and the 210 days credited, we have held that such a discrepancy is not fatal to our analysis. *See United States v. Glover*, 154 F.3d 1291, 1296 n.5 (11th Cir. 1998).

Moreover, the district court made no factual findings as to whether or not the 210-day credit accounted for Ausby's first six-month sentence, and we will make no such finding for the first time on appeal. Should the district court determine on remand that the credit and Ausby's original sentence are unrelated, it may make that finding clearly and proceed with sentencing accordingly.

Ausby argues the district court erroneously assigned three criminal history points for his 1989 cocaine conviction. He contends the credit of 210 days for time served refers to his initial sentence of six months, and therefore the total sentence—six months for possession and a net of six months for probation violation—was only one year. Because his original sentence was imposed more than twenty years before the conduct underlying his current plea, Ausby argues it should not be counted in his criminal history calculation.

We review a district court's factual findings for clear error and its application of the sentencing guidelines to those facts *de novo*. *United States v. Kinard*, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006) (per curiam). We review a sentence's reasonableness under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007). When reviewing a sentence, we must first determine that the "district court committed no significant procedural error" such as, among other things, "failing to calculate (or improperly calculating) the Guidelines range . . . ." *Id.* at 51, 128 S. Ct. at 597.

To determine a criminal history category, courts are to "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a) (2009). The Commentary to § 4A1.2 clarifies that for purposes of applying § 4A1.1(a), "the length of a sentence of imprisonment is the

3

stated maximum . . . . That is, criminal history points are based on the sentence pronounced, not the length of time actually served." U.S.S.G. § 4A1.2 cmt. n.2 (2009). Where part of a sentence was suspended, however, "'sentence of imprisonment' refers only to the portion that was not suspended." U.S.S.G. § 4A1.2(b)(2) (2009). "In the case of a prior revocation of probation . . . , add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for §4A1.1(a), (b), or (c), as applicable." U.S.S.G. § 4A1.2(k)(1) (2009).

A court is to consider the length and date of a sentence in determining whether it falls into the applicable time period for the criminal history calculation. *See* U.S.S.G. § 4A1.2(e) (2009). Sentences of more than one year and one month imposed or served within fifteen years of the instant offense are counted, as are other sentences imposed within ten years of the instant offense. U.S.S.G. § 4A1.2(e)(1)–(2) (2009). Sentences not within these fifteen- and ten-year time periods are not counted. U.S.S.G. § 4A1.2(e)(3) (2009). For a probation revocation, use the following: "(i) in the case of an adult term of imprisonment totaling more than one year and one month, the date of last release from incarceration on such sentence (*see* §4A1.2(e)(1)); . . . and (iii) in any other case, the date of the original sentence (*see* §4A1.2(d)(2)(B) and (e)(2))." U.S.S.G.

4

§ 4A1.2(k)(2)(B) (2009).

In *United States v. Glover*, 154 F.3d 1291 (11th Cir. 1998), we considered whether a sentence of imprisonment exceeded the "one year and one month" threshold where the defendant's sentence for a probation violation credited time served for a previous violation. We refused to combine the two sentences without accounting for the credit because to do so would essentially count the first sentence twice. *Id.* at 1296.

Taking Ausby's one-year sentence for his probation violation, and giving him credit for his initial six-month sentence, his total term of imprisonment for the 1989 conviction was only one year. *See id.* at 1296. Therefore, the date of his initial sentence—January 12, 1989—should be used to determine whether criminal history points apply. *See* U.S.S.G. § 4A1.2(k)(2)(B)(iii) (2009). Ausby committed the instant offense on July 30, 2009. More than twenty years separate Ausby's 1989 conviction and the instant offense; therefore, the 1989 conviction should not be included in calculating his criminal history. *See* U.S.S.G. § 4A1.2(e)(1)–(3) (2009).

Had the district court assessed zero criminal history points for the 1989 conviction, Ausby would have had 11 criminal history points, which would have yielded a criminal history category of V and a guideline imprisonment range of 24

5

to 30 months' imprisonment.  Insofar as the district court erred in calculating

Ausby's guideline range, his sentence is procedurally unreasonable.  *See Gall*, 552

U.S. at 51, 128 S. Ct. at 597.  Accordingly, we vacate his sentence and remand for

further proceedings.

**VACATED AND REMANDED.**