[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13650
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:10-cr-00005-BAE-GRS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES TYRONE WRICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 16, 2011)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

James Tyrone Wrice appeals his 87-month sentence, imposed after he

pleaded guilty and was convicted of theft of firearms from a federal firearms

licensee, in violation of 18 U.S.C. § 922(u).[1]  Wrice contends that a four-level

U.S.S.G. § 2K2.1(b)(6) enhancement does not apply to him because there was no

evidence that he, instead of one of his codefendants, found or took a firearm in

connection with the burglary of Brantley's Marine and Gun.  He argues that he

should not be held accountable under § 1B1.3 for the acts of his codefendants.

According to the undisputed facts as set forth in the presentence

investigation report, Brantley's Marine and Gun, a federally licensed firearms

dealer in Georgia, was burglarized in the early morning hours of December 11,

2009.  Police officers responded to an alarm at Brantley's, saw that a concrete

block had been thrown through the window, and later determined that eight

firearms had been stolen.  Four days after the burglary, law enforcement used a

confidential informant to purchase a pistol from Wrice at his home.  After the

transaction, officers searched Wrice's home, found cocaine base, and arrested

Wrice.  Two days after that, Wrice told two officers during an interview that just

before the burglary he dropped off Nicholas Carwell and Justin Mosely at Wal-

Mart, a few blocks from Brantley's, and that Carwell and Mosely broke into

---

[1]That provision makes it a crime: "to steal or unlawfully take or carry away from the person or the premises of a person who is licensed to engage in the business of importing, manufacturing, or dealing in firearms, any firearm in the licensee's business inventory that has been shipped or transported in interstate or foreign commerce."  18 U.S.C. § 922(u).

Brantley's and stole some firearms. Wrice picked them up after the burglary at a Holiday Inn Express near Brantley's. When the three men arrived at Wrice's residence, Carwell and Mosely gave him one of the pistols, which he later sold to the informant, and they took the rest of the firearms. Wrice later admitted that he knew Mosely and Carwell were planning to steal guns before the burglary occurred.

We review <u>de novo</u> a district court's application and interpretation of the sentencing guidelines. <u>United States v. Rhind</u>, 289 F.3d 690, 693 (11th Cir. 2002). Section 2K2.1 of the guidelines applies to the "Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition." U.S.S.G. § 2K2.1. It includes a four-level enhancement based on a specific offense characteristic "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6).

The application notes for subsection (b)(6) explain that if burglary is the other felony offense connected with the firearm use or possession, § 2K2.1(b)(6) applies to "a defendant who, during the course of [the] burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." U.S.S.G. § 2K2.1 cmt. n.14(B). That application note goes on to explain that "application of subsection[ ] (b)(6) . . . is

warranted because the presence of the firearm has the potential of facilitating another felony offense."[2]  Id.  Wrice argues that the application note about burglary is fact specific, and § 2K2.1(b)(6) cannot be extended to him based on it because there is no evidence that he was the "defendant" who found or took a firearm during the course of the burglary.

Relevant conduct plays a role in the application of a specific offense characteristic enhancement like the one in § 2K2.1(b)(6).  See U.S.S.G. § 1B1.3(a)(1)(A)–(B).  Section 1B1.3 of the guidelines is titled "Relevant Conduct (Factors that Determine the Guideline Range)."  It provides that "[u]nless otherwise specified . . . specific offense characteristics . . . shall be determined on the basis of . . . all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant."  U.S.S.G. § 1B1.3(a)(1)(A).  For "jointly undertaken criminal activity," like the burglary in the present case, a specific offense characteristic enhancement is based on "all reasonably foreseeable acts and omissions of others in furtherance" of that activity.  U.S.S.G. § 1B1.3(a)(1)(B).  In the context of § 1B1.3(a)(1)(B), a "jointly

---

[2]"[W]e must interpret the text of the Guidelines in light of the corresponding Commentary and Application Notes, which are binding on the courts unless they contradict the plain meaning of the text of the Guidelines."  United States v. Kinard, 472 F.3d 1294, 1297 (11th Cir. 2006) (quotation marks omitted).

undertaken criminal activity" is "a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy." Id.

Nothing in § 2K2.1(b)(6) suggests that the relevant conduct rules under U.S.S.G. § 1B1.3(a)(1) do not apply. See U.S.S.G. § 2K2.1(b)(6). While application note 14(B) to § 2K2.1 clarifies that subsection (b)(6) applies when a defendant, during the course of a burglary, "finds and takes a firearm," nothing in that note requires the conclusion that § 2K2.1(b)(6) applies only when the defendant himself finds and takes a firearm during the burglary. U.S.S.G. § 2K2.1 cmt. n.14(B). Where the Sentencing Commission has intended to limit the relevant conduct that applies to a defendant, it has expressly done that. See U.S.S.G § 2K2.1 cmt. n.13(B) (explaining that in applying subsection (b)(5) of U.S.S.G. § 2K2.1 "[t]he term 'defendant,' consistent with § 1B1.3 (Relevant Conduct), limits the accountability of the defendant to the defendant's own conduct and conduct that the defendant aided or abetted, counseled, commanded, induced, procured, or willfully caused"); see also U.S.S.G. § 2K2.6 cmt. n.1(A) (explaining that in applying subsection (b)(1) of § 2K2.6 "[c]onsistent with § 1B1.3 (Relevant Conduct), the term 'defendant' . . . limits the accountability of the defendant to the defendant's own conduct and conduct that the defendant aided or

5

abetted, counseled, commanded, induced, procured, or willfully caused").  If the Sentencing Commission had intended to limit the relevant conduct that applies to a defendant for purposes of a § 2K2.1(b)(6) enhancement, it would have expressly included a limitation.  See United States v. Saunders, 318 F.3d 1257, 1264 (11th Cir. 2003) (interpreting a sentencing guideline in light of the rule of statutory construction that  "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion") (quotation marks and alterations omitted).

The relevant conduct rules in U.S.S.G. § 1B1.3(a)(1)(B) apply to § 2K2.1(b)(6) under the facts of this case.  It was reasonably foreseeable that Wrice's codefendants, in the course of burglarizing a gun store with the intention of stealing guns, would find and take a firearm.  Because Wrice is accountable for "all reasonably foreseeable acts and omissions of others in furtherance" of their jointly undertaken criminal activity, he was properly held accountable for the finding and taking of a firearm in connection with the burglary of the gun store. The district court did not err by applying the four-level enhancement under § 2K2.1(b)(6).

**AFFIRMED.**