[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13504
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:10-cr-00035-LC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORMAN LAURENT MORIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 15, 2011)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Norman Laurent Morin appeals his convictions and sentences for

distribution and receipt of child pornography, 18 U.S.C. §§ 2252A(a)(2)(A) and

2252A(b)(1), and possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2). On appeal, he argues both that the district court erred by imposing a five-level U.S.S.G. § 2G2.2(b)(5) pattern of activity enhancement, and that his convictions violate the Double Jeopardy Clause.

## I. Sentencing Enhancement

We review *de novo* a district court's application and interpretation of the Sentencing Guidelines. *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002). The government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement. *United States v. Kinard*, 472 F.3d 1294, 1298 (11th Cir. 2006).

Section 2G2.2 of the Sentencing Guidelines governs the offense-level calculation for trafficking in child pornography. That section imposes a five-level enhancement if "the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(5). The commentary defines "sexual abuse or exploitation" as (1) conduct prohibited by several enumerated federal criminal statutes, including 18 U.S.C. § 2241 (aggravated sexual abuse), § 2242 (sexual abuse), and § 2243 (sexual abuse of a minor or ward); or (2) a state law offense, if that offense would have violated one of the enumerated federal statutes if it had been committed within the special

2

maritime or territorial jurisdiction of the United States. U.S.S.G. § 2G2.2, comment. (n.1). Sections 2241, 2242, and 2243 all require that the defendant engage or attempt to engage in a "sexual act." 18 U.S.C. §§ 2241, 2242, 2243.[1] "Sexual act" is further defined to include "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." *Id.* § 2246(2)(D). Finally, to qualify for the enhancement, the defendant's conduct of sexual abuse or sexual exploitation of the minor need not result in a conviction for that conduct. U.S.S.G. § 2G2.2, comment. (n.1).

Morin contends that pursuant to *Shepard v. United States*, 544 U.S. 13 (2005), in order to establish application of the enhancement, the government could only use the 1998 Judgment, Information and Florida Statute to show that his previous convictions involved direct, and not through the clothing, touching.

---

[1] The commentary to U.S.S.G. § 2G2.2(b)(5) specifically does not include 18 U.S.C. § 2244 among the enumerated offenses which would qualify for the enhancement. Unlike §§ 2241, 2242, and 2243, § 2244 prohibits abusive sexual contact, which is defined as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." *Id.* §§ 2244, 2246(3) (emphasis added). The commentary to § 2G2.2(b)(5) does not include the conduct described in § 2244 in its definition of "sexual abuse or exploitation," *see* U.S.S.G. § 2G2.2, comment. (n.1), and thus Morin argues, conduct that entails touching through the clothing and not directly would not qualify for a § 2G2.2(b)(5) enhancement.

However, *Shepard* is inapplicable here. In *Shepard*, the Supreme Court held that to determine whether a <u>conviction</u> qualifies for purposes of the Armed Career Criminal Act, a sentencing court is generally limited to examining the statutory definition, the charging document, any written plea agreement, the transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. 544 U.S. at 16.[2] Here, we are not considering whether it is a conviction that qualifies for the § 2G2.2(b)(5) enhancement. Instead, this particular sentencing enhancement addresses the <u>conduct</u> of the defendant and, unlike *Shepard* and our decision in *Palomino Garcia,* is not limited to looking only at whether a prior conviction would satisfy the requirements of the enhancement. *See* U.S.S.G. § 2G2.2, comment. (n.1). Accordingly, we cannot say that the district court committed reversible error in considering Morin's conduct, as alleged in the probable cause addendum to the arrest report, to support its application of the enhancement to Morin.[3]

---

[2] Although *Shepard* was an Armed Career Criminal Act case, we have applied its categorical approach in sentencing enhancement cases where it is necessary to determine whether a prior conviction qualifies as a predicate offense under the Guidelines. *See United States v. Palomino Garcia*, 606 F.3d 1317, 1328 (11th Cir. 2010) (discussing cases that have applied *Shepard's* approach to enhancements under U.S.S.G. §§ 2L1.2, 4B1.1, and 4B1.2).

[3] In reaching this conclusion, we note that Morin has argued only that the arrest report and probable cause addendum are not permissible evidence under *Shepard.* He has not raised any other basis for precluding the district court's reliance on these two documents when imposing the § 2G2.2(b)(5) sentencing enhancement. Although he stated in his objections to the Presentence Investigation Report ("PSI"), that he disputed "some of the facts" in Paragraph 56 of

## II. Double Jeopardy

Morin also argues that we should reverse his conviction on Count Two because this Court has previously held in *United States v. Bobb*, 577 F.3d 1366, 1373 (11th Cir. 2009), that possession of child pornography is a lesser included offense of receipt of child pornography. He argues that because both counts against him charged a violation that was committed on the same date, his conviction for Count Two violates the Double Jeopardy Clause.

Here, it is not clear from the face of the indictment that punishing Morin for both counts would violate the Double Jeopardy Clause. Count One of the indictment charged Morin with distributing and receiving child pornography between February 12, 2010 and March 9, 2010, in violation of § 2252A(a)(2), while Count Two charged him possessing child pornography on March 9, 2010, in violation of § 2252A(a)(5)(B). Although § 2252A(a)(5)(B) possession is the same offense for double jeopardy purposes as § 2252A(a)(2) receipt, we affirmed the defendant's convictions for receipt and possession in *Bobb* because the offenses occurred on different dates and involved different images. 577 F.3d at 1375.

---

the PSI (which were based on the probable cause addendum and arrest report), he specifically stated, when asked by the district court at the sentencing hearing, that he had no objections to the introduction of any of the government's exhibits, including the arrest report and probable cause addendum.

Here, Morin was charged both with distribution and receipt of child pornography over approximately a one-month period and with possessing child pornography on the last day of that period. Despite this overlap of dates, we cannot determine from the indictment whether the images from both of those dates are the same, which is necessary to establish that Morin's convictions violate the Double Jeopardy Clause.

The statement of facts in support of Morin's guilty plea provides more detail about the images. It describes Morin's distribution of child pornography to the undercover detective prior to Morin's March 9th arrest, as well as Morin's possession of a thumb drive containing numerous images on March 9th. Indeed, the statement of facts actually suggests that many more images were possessed by Morin on March 9th than what he previously had transmitted to the undercover detective. Morin admitted that the officers who executed the search warrant found 4,000 images and a few hundred videos, and approximately 160 of the images were known images of child pornography. However, Morin only identified seven images that he had transmitted to the undercover detective prior to March 9th. Accordingly, we cannot say that Morin's conviction on Count II was in violation of the Double Jeopardy Clause.

**AFFIRMED.**