[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11530
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cr-00062-JES-UAM-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH R. JACKSON, JR.,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 13, 2020)

Before MARTIN, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Kenneth Jackson, Jr., appeals his 75-month sentence for identity theft, conversion of government property, aggravated identity theft, forgery of a treasury check, and unauthorized use of an access device.  On appeal, Jackson asserts that the district court erred in how it interpreted and applied the U.S.S.G. § 3B1.3 enhancement (for abuse of a position of public or private trust) to facts of his case. After careful review, we affirm.[1]

Section 3B1.3 of the Guidelines provides for a two-level increase to a defendant's offense level "[i]f the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense."  U.S.S.G. § 3B1.3.  The enhancement applies when a defendant "exceeds or abuses the authority of his . . . position in order to obtain, transfer, . . . or use without authority, any means of identification."  *Id*. at comment. (n.2(B)). "The term 'means of identification' means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual."  18 U.S.C. § 1028(d)(7).

Here, the district court did not err when it found that the § 3B1.3 enhancement applied to Jackson.  IRS investigators discovered (1) that Jackson had the ability to obtain personal identifying information pursuant to an agreement

---

[1] A district court's factual findings are reviewed for clear error and its application of the Guidelines to those facts are reviewed *de novo*.  *United States v. Kinard*, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006).

with MicroBilt that allowed him to run credit reports for purposes of his collections business and (2) that Jackson indeed ran MicroBilt searches for some of his victims.  Therefore, a plain reading of § 3B1.3 comment (n.2) confirms that the enhancement applies to Jackson because he abused the authority and trust that MicroBilt placed in him by utilizing its service to obtain and use personal identification information to fraudulently open and access bank accounts and steal tax refunds.  Accordingly, we affirm.

**AFFIRMED.**