[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10866

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WESLEY SORROW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:19-cr-00038-MTT-CHW-1

_____

Before JORDAN, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Wesley Sorrow appeals his sentence of 210 months' incarceration, following his conviction on one count of bank robbery by intimidation. Sorrow asserts the district court abused its discretion at sentencing by declining to reduce his offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. After review,[1] we affirm.

A defendant may receive a two-level reduction in his offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). However, the commentary to the Sentencing Guidelines expressly provides the "adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." *Id.*, comment. (n.2); *see also United States v. Kinard,* 472 F.3d 1294, 1297 (11th Cir. 2006) (noting the commentary to the Sentencing Guidelines generally is binding on the courts). If a defendant goes to trial to preserve issues that do not relate to his factual guilt—such as to argue that the statute does not apply to his

---

[1] We review the application of the Sentencing Guidelines *de novo. United States v. Spoerke,* 568 F.3d 1236, 1245 (11th Cir. 2009). "We review a denial of a reduction of sentence for an acceptance of responsibility for clear error, and that finding is entitled to great deference on review and should not be disturbed unless it is without foundation." *United States v. Knight,* 562 F.3d 1314, 1322 (11th Cir. 2009) (quotation marks omitted).

conduct—then the defendant might still qualify for the acceptance of responsibility reduction. U.S.S.G. § 3E1.1 comment. (n.2); *but see United States v. Starks,* 157 F.3d 833, 840-41 (11th Cir. 1998) (holding a defendant who goes to trial to make a factual, rather than a legal, challenge to the government's criminal allegations is precluded from receiving a § 3E1.1 reduction).

The district court did not clearly err in finding Sorrow was not entitled to a reduction for the acceptance of responsibility. First, while Sorrow confessed to robbing a bank in two separate phone calls to family members, at no point in the proceeding before trial did he express to the Government an acceptance of responsibility. Rather, he denied his factual guilt by pleading not guilty and by going to trial. He made no stipulations as to the alleged factual basis of the offense, instead choosing to put the Government to its burden on each element of the offense. As such, he was not entitled to a reduction under § 3E1.1. *See* U.S.S.G. § 3E1.1(a) comment. (n.2); *see also Kinard,* 472 F.3d at 1297. Finally, despite his attempt to frame his trial strategy in other ways, he put the Government to its burden of proof by contesting whether he used intimidation in the commission of the burglary. As such, Sorrow's arguments at trial amounted to a factual denial of guilt, and they were, therefore, inconsistent with acceptance of responsibility. *Starks,* 157 F.3d at 840-41. Accordingly, we affirm.

**AFFIRMED.**