[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12001
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-21068-PCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNOLD CLAUDE FOX,
a.k.a. Arnold C. Fox,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 24, 2011)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Arnold Claude Fox appeals his 40-month sentence after pleading guilty to

two counts of being a felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g)(1). On appeal, Fox raises three arguments challenging the calculation of his guideline range.[1]

First, Fox argues that the district court erred by applying U.S.S.G. § 2K2.1(b)(6), which provides for a four-level enhancement if "the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). The commentary explains that, where the other felony offense is not a burglary or drug offense, the enhancement applies if "the firearm or ammunition facilitated, or had the potential of facilitating" the other felony. Id., comment. (n.14(A)).

In this case, the record reflects that Fox stole a car in New York, changed the license plate to avoid detection, and drove to South Carolina, where he obtained four firearms and ammunition from his family's home. He then drove to south Florida with the firearms and ammunition in the stolen vehicle. After pawning two of the firearms, he was arrested, at which time the police found the remaining two firearms and ammunition in the stolen vehicle. One of the firearms was loaded. Although Fox contends that he intended to pawn the remaining two

---

[1] We review for clear error the district court's findings of fact and review <u>de novo</u> the district court's application of the Guidelines to the facts. <u>United States v. Kinard</u>, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006). A factual finding is clearly erroneous if we are "left with a definite and firm conviction that a mistake has been committed." <u>United States v. Rothenberg</u>, 610 F.3d 621, 624 (11th Cir. 2010) (quotation omitted).

firearms, the district court did not clearly err under the circumstances in finding that his possession of the firearms had the potential to facilitate the felony offenses of eluding law enforcement and transporting a stolen vehicle. Thus, the district court did not err in applying the enhancement.

Second, Fox argues that the district court erred by applying a two-level enhancement under § 2K2.1(b)(4) for possession of a stolen firearm. U.S.S.G. § 2K2.1(b)(4). The record reflects that Fox's father told the Federal Bureau of Investigation ("FBI") that Fox took the firearms from him without permission. Fox contends that this information lacked sufficient indicia of reliability because his father, who did not testify at sentencing, had ill will towards him. However, Fox failed to present any evidence rebutting the father's statement to the FBI, and Fox declined the opportunity to testify at sentencing that the firearms were not stolen. Morever, the district court found that Fox's father was unlikely to violate the law by lying to the FBI, and in light of the lack of evidence to the contrary, this finding was not clearly erroneous. See United States v. Ghertler, 605 F.3d 1256, 1269 (11th Cir. 2010). Thus, the district court did not err in applying the enhancement.

Finally, Fox challenges the assessment of a criminal history point for a prior state conviction for petit-larceny on the ground that the evidence of the conviction

3

lacked sufficient indicia of reliability. However, the government presented a document from the state court listing a trial date, statute of conviction, and sentence imposed. The district court did not clearly err in relying on this information for purposes of establishing Fox's prior conviction. See United States v. Wilson, 183 F.3d 1291, 1301 (11th Cir. 1999). Accordingly, the district court did not err by assessing the criminal history point.

**AFFIRMED.**