[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11781
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00002-WLS-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIMBERLY MICHELLE BANKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 13, 2016)

Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Kimberly Michelle Banks appeals her total 192-month sentence, imposed within the advisory guideline range, after being found guilty by a jury of one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count One), seven counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts 2-8), six counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (c)(5) (Counts 9-15), and five counts of theft of government money, property or records, in violation of 18 U.S.C. §§ 2 and 641 (Counts 16-20).  Banks asserts several issues regarding her sentence on appeal, which we address in turn.  After review,[1] we affirm Banks' sentence.[2]

## I.  DISCUSSION

### A.  Aggravated Role Enhancement

Banks first contends the district court made both a factual and legal error by finding that she played an aggravated role in the conspiracy, and, based on these findings, wrongly enhanced her guideline range by four levels.

Pursuant to § 3B1.1(a), a defendant's offense level will be increased by four if the defendant "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  U.S.S.G. § 3B1.1(a).  In

---

[1]  "We review a district court's application of the guidelines to the facts de novo and all factual findings for clear error."  *United States v. Kinard*, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006).  We review the substantive reasonableness of a sentence for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).

[2]  Because we write for the parties, we set out only what is necessary to explain our decision.

assessing a defendant's role in the offense, district courts should consider the following factors: (1) "the exercise of decision making authority," (2) "the nature of participation in the commission of the offense," (3) "the recruitment of accomplices," (4) "the claimed right to a larger share of the fruits of the crime," (5) "the degree of participation in planning or organizing the offense," (6) "the nature and scope of the illegal activity," and (7) "the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, comment. (n.4). However, it is not required that all these considerations exist in any one case. *United States v. Ramirez*, 426 F.3d 1344, 1356 (11th Cir. 2005). Still, "there must be evidence that the defendant exerted some control, influence or decision-making authority over another participant in the criminal activity." *United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009).

The district court did not err in applying the aggravating role enhancement under § 3B1.1(c). The district court concluded Banks met most of the factors laid out in § 3B1.1, application note 4, based on sufficient evidence presented at the sentencing hearing. The Government showed Banks was a major participant in the fraud and played a key role in organizing the scheme, and worked in a planning role in the conspiracy by selecting victims and gathering information to use in preparing the fraudulent returns. Evidence presented also showed Banks had decision-making authority because she selected where to send the fraudulent

3

refunds.  Banks recruited at least one accomplice, and exercised a strong degree of control and authority over others.  Moreover, the evidence supported that Banks managed and supervised at least one other participant in the conspiracy.  *See United States v. Jennings*, 599 F.3d 1241, 1253 (11th Cir. 2010) (stating a defendant need only manage or supervise one other participant for the enhancement to apply); U.S.S.G. § 3B1.1, comment. (n.2) (stating that, for the enhancement to apply, "the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants").  Finally, the Government offered sufficient evidence to prove the nature and scope of the conspiracy's illegal activity was extensive.

While the Government offered evidence that Banks received some of the proceeds from the fraudulent tax returns, the evidence did not show she received "a larger share of the fruits of the crime" as required by U.S.S.G. § 3B1.1.  Although evidence did not show that Banks met each of the criteria enumerated in the comments to § 3B1.1, the evidence strongly supported that she met most.  Because it is not required that every factor be met in any one case, this is sufficient for the district court to determine Banks was an organizer and ringleader of the scheme.  *Ramirez*, 426 F.3d at 1356.  Accordingly, we affirm as to this issue.

*B. Obstruction of Justice Enhancement*

Banks asserts the district court erred both in making and applying its factual findings in imposing an obstruction of justice enhancement. Banks contends the court's factual findings were erroneous, alleging that Agent John Relyea, the agent leading the IRS investigation into Banks, exaggerated the amount of time he spent tracking down two individuals Banks implicated in filing the fraudulent tax returns. Banks also asserts that, in addition to not being false, her statements were not material.

A two-level enhancement is provided if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. A defendant obstructs or impedes justice by "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." *Id.* § 3C1.1, comment. (n.4(G)). A "material statement" is defined as one that "if believed, would tend to influence or affect the issue under determination." U.S.S.G § 3C1.1, comment. (n.6). To establish the defendant's conduct resulted in an actual hindrance, "the government must present evidence of what action it took that it would not have taken" had the defendant not provided false information.

5

*United States v. McGuinness*, 451 F.3d 1302, 1305 (11th Cir. 2006) (quotations omitted).

The district court did not err in imposing the enhancement for obstruction of justice. Banks' statements were false and material. At sentencing, the district court made a factual finding that Banks implicated two individuals as responsible for the fraudulent tax returns and that her accusations were false. Then, after a thorough analysis, it concluded that Banks' false statements were material. The court also found Banks' false statements actually hindered the official investigation or prosecution of her case. Agent Relyea testified that he spent three or four weeks tracking down and interviewing the two individuals and the Government offered evidence that, had it not been for Banks' statements, Relyea would not have taken this time to interview them. *See McGuinness*, 451 F.3d at 1305. Accordingly, we affirm as to this issue.

*C. Loss Amount*

Banks contends the district court erred by finding the loss amount was more than $400,000, and, therefore, enhancing the guideline range by 14 levels, rather than 8 levels. Banks asserts that, while the Government showed that returns in the names of certain nursing home residents and Golden Peanut employees were fraudulent, it did not show all of the tax returns filed from Banks' IP addresses were fraudulent. Banks contends that, based on the data in the Government's

6

exhibits at trial, the total loss should be calculated as $118,061, which is substantially below the Government's estimates.

For theft crimes, the Sentencing Guidelines provide a base offense level, and then increase the level based on the value of the loss caused. U.S.S.G. § 2B1.1(a), (b)(1). Under the Guidelines, a defendant's base offense level is increased by 14 levels if the loss is more than $400,000 but less than $1,000,000. U.S.S.G. § 2B1.1(b)(1)(H) (Nov. 2013). A court is only required to make a reasonable estimate of the loss suffered, and a sentencing judge is in a unique position to assess the evidence and estimate the loss. U.S.S.G § 2B1.1(b)(1), comment. (n.3(C)). The court must use the greater of actual or intended loss. U.S.S.G. § 2B1.1, comment. (n.3(A)).

The district court did not err, much less plainly err,[3] in finding the Government proved by a preponderance of the evidence that the intended loss of Banks' offense was greater than $400,000. The Government provided ample evidence of the amount of loss and the court made a reasonable estimate of the loss

---

[3] Although Banks challenged the amount of intended and actual loss that resulted from her crime before the district court, she raises a new argument for the first time on appeal. Specifically, before the district court, she argued the loss calculation was incorrect because it included returns filed from unknown IP addresses. However, on appeal, she argues for the first time the calculation is incorrect because the Government did not prove the returns filed from Banks' IP address were fraudulent. As Banks is proceeding on a different legal theory on appeal than she did at trial, we review her argument only for plain error. *See United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006) (holding unless the objection is "clear enough to inform the district court of the legal basis for the objection," the objection is not preserved); *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000) (stating where a defendant raises a sentencing argument for the first time on appeal, we review only for plain error).

after hearing the evidence at trial, reviewing the summary charts prepared by the IRS, and hearing the testimony of Agent Relyea at the sentencing hearing. *See United States v. Liss*, 265 F.3d 1220, 1230 (11th Cir. 2009) (stating when a defendant challenges the attributed loss, the government must provide evidence to establish the loss, and the court must make factual findings sufficient to support its conclusions); *see* U.S.S.G § 2B1.1(b)(1). In Relyea's testimony, he explained the charts admitted into evidence reflected he determined the amount of fraud that Banks was responsible for by flagging refunds that had two or more of the following similarities: they were filed from the same IP addresses; they claimed the exact same dollar amount; and they claimed Golden Peanut as an employer. The district court, in the best position to examine all of the evidence, found all 224 tax returns "are sufficiently connected to the defendant such that she should be held accountable for those." Further, the court found there were 187 victims and sufficient evidence connected these victims to Banks. Moreover, even if the court had only included the amount of loss proven at trial, the figure would be $517,853, exceeding the $400,000 required threshold for the enhancement imposed. The district court did not plainly err in crediting the charts and the agent's testimony as establishing by a preponderance of the evidence a loss figure greater than $400,000. Accordingly, we affirm as to this issue.

*D. Substantive Unreasonableness*

Banks alleges the district court erred by imposing a substantively unreasonable sentence on a non-violent first-time offender.  First, Banks alleges the sentence the court imposed upon her was disproportionate to those imposed upon her co-conspirators.  Banks also contends the sentence was unreasonable because the district court ignored her history and the facts of her offense.   Banks alleges her non-violent crimes do not justify a 192-month sentence and the court did not take into account mitigating factors, including her status as a first-time offender, her strong character references, and her education and work history.

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future conduct.  *See* 18 U.S.C. § 3553(a).  In determining a particular sentence, the court should also consider other factors including "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  *Id.* § 3553(a)(6).  It is within the bounds of reasonableness for a district court to impose a lengthier sentence on the organizer or leader of a conspiracy than on the other offenders.  *See United States v. Thomas*, 446 F.3d 1348, 1357 (11th Cir. 2006) (rejecting an argument that imposing a

9

longer sentence on the sole coordinator of a robbery was unreasonable).

The weight given to any specific factor is committed to the sound discretion of the district court and a district court does not commit reversible error simply because it attaches significant weight to a single § 3553(a) factor. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). Finally, although a sentence within the guideline range is not automatically presumed to be reasonable, it is ordinarily expected to be so. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Banks has not shown the district court abused its discretion in imposing her 192-month total sentence. Banks' argument her sentence is unreasonable because her codefendants received lower sentences is unconvincing because those defendants were not similarly situated to her. *See* 18 U.S.C. § 3553(a)(6). Moreover, Banks was found to be the scheme's principal leader and organizer, as was previously discussed in detail. It was reasonable for the court to determine this role was deserving of a more stringent sentence than those who worked as intermediaries or at Banks' direction. *See Thomas*, 446 F.3d at 1357.

There is no indication the district court failed to consider a relevant § 3553(a) factor or gave weight to any improper factor. *See Williams*, 526 F.3d at 1322. Banks' argument the court overemphasized general deterrence and did not take into account her lack of criminal history or the absence of violence involved

in her offense is unavailing.  The court did give strong weight to the need to provide general deterrence, noting a particular need for deterring identity theft crimes based on their devastating yet attractive nature.  However, this weight was within the bounds of its discretion, as general deterrence is "one of the key purposes of sentencing."  *See United States v. Pugh*, 515 F.3d 1179, 1194 (11th Cir. 2008).

Additionally, the court explicitly stated it considered Banks' lack of criminal history, but that the nature of the crime outweighed that consideration. The court also attached strong weight to the fact Banks preyed upon elderly victims living in a nursing home and used her position of trust, as their caregiver, to take advantage of them.  As the district court has authority to weigh relevant § 3553(a) factors, making this assessment was proper.  *See Williams*, 526 F.3d at 1322.

## II.  CONCLUSION

The district court did not err in enhancing Banks' sentence for her role as an organizer or leader, for obstruction of justice, or for a loss amount above $400,000. Banks did not meet her burden of showing her sentence was unreasonable.  Thus, we affirm Banks' 192-month sentence.

**AFFIRMED.**

11