[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH  CIRCUIT

_____

No. 21-10717
Non-Argument Calendar

_____

D.C. Docket No. 4:20-cr-00060-AW-MAF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID MURRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 27, 2021)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

David Murray appeals his sentence of 42 months' imprisonment—an

upward variance from the guideline range of 30-37 months—for mail fraud and international money laundering.  Murray argues that the district court procedurally erred in calculating the base offense level by including in the loss calculation transactions that occurred prior to the criminal conduct for which he was charged.

A district court's factual findings are reviewed for clear error and its application of the Guidelines to those facts are reviewed *de novo*.  *United States v. Kinard*, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006). "[O]nce the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e.*, that the error did not affect the district court's selection of the sentence imposed." *Williams v. United States*, 503 U.S. 193, 203-04 (1992); *see United States v. Barner*, 572 F.3d 1239, 1247-48 (11th Cir. 2009) (holding that a guidelines miscalculation is harmless, and therefore does not warrant reversal, if the district court would have imposed the same sentence without the error).  Where a district court explicitly states that it would have sentenced the defendant the same way without the error, we ask only whether the resulting sentence would have been substantively reasonable had the guidelines issue been decided in the way that the appellant argued.  *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006).

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard.  *Gall v. United*

2

*States*, 552 U.S. 38, 51 (2007).  A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).  The proper factors are set out in 18 U.S.C. § 3553(a) and include the nature and circumstances of the offense, the criminal history of the defendant, the seriousness of the crime, adequate deterrence, and protection of the public.  18 U.S.C. § 3553(a).  We have emphasized that we must give due deference to the district court to consider and weigh the proper sentencing factors.  *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018).

The district court also has wide discretion to decide whether the § 3553(a) factors justify a variance.  *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010), *abrogated on other grounds by Van Buren v. United States*, 141 S. Ct. 1648 (2021).  The justification for a variance from the guideline range must be "sufficiently compelling to support the degree of the variance."  *Irey*, 612 F.3d at 1186 (quotation marks omitted).  "That an upward variance sentence is well below the statutory maximum indicates that it is reasonable."  *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (quotation marks omitted).

3

Here, any error by the district court in calculating Murray's base offense level was harmless.  First, the court stated that it would have imposed the same 42-month sentence even if it had sustained Murray's objection to the loss calculation because a lesser sentence would have been insufficient considering the § 3553(a) factors. Second, the 42-month sentence was substantively reasonable even under the lower guideline range in light of the factors discussed by the court. Specifically, the court discussed the predatory nature of the offense and Murray's history of targeting children and now targeting the elderly, § 3553(a)(1), the need for the sentence imposed to reflect the seriousness of the crime, § 3553(a)(2)(A), the need to adequately deter similar criminal conduct both by Murray and others in the community, particularly after Murray was warned that the postal inspector knew he was perpetrating a scam and continued to do it, § 3553(a)(2)(B), and the need to protect the public from Murray, § 3553(a)(2)(C).  These were proper factors for the court to consider.  Even if this Court would have weighed those factors differently, it was not an abuse of discretion to impose a 12-month variance in light of the factors discussed by the district court.

Accordingly, we affirm.

**AFFIRMED.**